**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHARMAINE MCWILLIAMS, Individually and as Mother and Representative of Estate of ROBERT STEPHEN JR., deceased ROBERT STEPHENS SR., Individually and As Father of ROBERT STEPHEN JR., Deceased, CHANTIQUE JOHNSON as Next of Friend to SERENITY STEPHENS and JADYNE STEPHEN, Minors and Children of ROBERT STEPHEN JR. deceased, A'NEESHA RAWLS As Next of Friend to NAOMI RAWLS, A Minor and Child of ROBERT STEPHEN JR., deceased. And CRYSTAL JOHNSON, as Next of Friend to LYRIC STEPHEN, BOBBY STEPHEN, and JOURNEY STEPHEN, as Minors and Children of ROBERT STEPHEN JR. deceased, | § § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Civil Action No. 17-345 |
| IDELBIO PEREZ-GONZALEZ, RAUL SARDINAS, LOURDES TORRES AHMED, NTUM AZA ALTORSHAN, GABRIELLE ALSTON, and CITY OF HOUSTON. | § § § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' FOURTH AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CHARMAINE MCWILLIAMS**,** Individually, and as Mother and as

Representative of Estate of ROBERT STEPHEN JR., deceased (hereinafter "Decedent")**,**

ROBERT STEPHEN SR., Individually and as Father of ROBERT STEPHEN JR., CHANTIQUE

1

JOHNSON as Next of Friend to SERENITY STEPHEN and JADYNE STEPHEN, Minors and Children of ROBERT STEPHEN JR., A'NEESHA RAWLS, as Next of Friend to NAOMI RAWLS, A Minor and Child of ROBERT STEPHEN JR. and CRYSTAL JOHNSON As Next of Friend to LYRIC STEPHEN, BOBBY STEPHEN, and JOURNEY STEPHEN as minors and Children of ROBERT STEPHEN JR. deceased, as Plaintiffs (hereinafter "Plaintiffs") filing this Third Amended Complaint in which they are complaining of Defendants IDELBIO PEREZ-GONZALEZ, RAUL SARDINAS, LOURDES TORRES AHMED, NTUM AZA ALTORSHAN, GABRIELLE ALSTON, and CITY OF HOUSTON. In support of their causes of actions, Plaintiffs allege upon information and belief the following:

## Index of Counts

Count I- Idelbio Perez-Gonzalez- 42 U.S.C. § 1983 Claim

Count II- Idelbio Perez-Gonzalez- Negligence Claim

Count III- Raul Sardinas- 42 U.S.C. § 1983 Claim

Count IV- Raul Sardinas- Negligence Claim

Count V- Lourdes Torres Ahmed- 42 U.S.C. § 1983 Claim

Count VI- Lourdes Torres Ahmed - Negligence Claim

Count VII- Ntum Aza Altorshan- 42 U.S.C. § 1983 Claim

Count VIII- Ntum Aza Altorshan - Negligence Claim

Count IX- Gabrielle Alston- 42 U.S.C. § 1983 Claim

Count X- Gabrielle Alston - Negligence Claim

Count XI—City of Houston- 42 U.S.C. § 1983 and 1988/*Monell* Policy Claim

Count XII — City of Houston- Negligence Claim

2

# I.
## Parties

1.1     Plaintiff CHARMAINE MCWILLIAMS is a person of the full age of majority and a resident of the state of Mississippi.  CHARMAINE MCWILLIAMS sues on behalf of herself, and as representative of the estate of ROBERT STEPHEN JR, deceased, her unmarried son, who was a resident of Houston, Texas.

1.2     Plaintiff ROBERT STEPHEN SR. is a person of the full age of majority and is a resident of the state of Indiana. ROBERT STEPHEN SR. sues on behalf of himself as father of ROBERT STEPHEN JR, deceased.

1.3     Plaintiff CHANTIQUE JOHNSON as Next of Friend to SERENITY STEPHEN and JADYNE STEPHEN, Minors, is a person of full age of majority and is a resident of the state of Michigan. Plaintiff CHANTIQUE JOHNSON sues on behalf of her children who are also children of ROBERT STEPHEN JR., deceased.

1.4     Plaintiff A'NEESHA RAWLS as Next of Friend to NAOMI RAWLS, A Minor, is a person of full age of majority and is a resident of the state of Michigan.  Plaintiff A'NEESHA RAWLS sues on behalf of her child who is the daughter of ROBERT STEPHEN JR., deceased.

1.5     Plaintiff, CRYSTAL JOHNSON as Next of Friend to LYRIC STEPHEN, BOBBY STEPHEN, and JOURNEY STEPHEN as minors, is a person of full age of majority and is a resident of the state of Texas.  Plaintiff CRYSTAL JOHNSON sues on behalf of her children who are also children of ROBERT STEPHEN JR., deceased.

1.6     Defendant IDELBIO PEREZ-GONZALEZ, is a resident of Texas, working for the City of Houston Department of Health and Human Services, Jail Health Bureau as a Jail Medical Specialist and oversees patients sent to the clinic from the screening station or floor, in order to later assess any medical problems patients may have. Gonzalez may be served with process at

3

7015 Parkford Meadow Drive, Cypress, Texas 77433-4517. Gonzalez may be served at the following address and/or anywhere that he may be found. At all times relevant to this cause IDELBIO PEREZ-GONZALEZ was operating under the color of law and in the course and scope of his agency and/or employment relationship with City of Houston, Houston Central Jail, under the color of law, and pursuant to the City of Houston's Houston Central Jail's customs, policies, and practices which were moving force behind the constitutional violations asserted herein. Gonzalez was employed on the day the incident occurred

1.7     Defendant RAUL SARDINAS, is a resident of Texas, working for the City of Houston, Houston Central Jail as a medical screener and may be served with process at 12360 Richmond Avenue, Houston, Texas 77082. Sardinas may be served at the following address and/or anywhere that he may be found. At all times relevant to this cause RAUL SARDINAS was operating under the color of law and in the course and scope of his agency and/or employment relationship with City of Houston, Houston Central Jail, under the color of law, and pursuant to the City of Houston's Houston Central Jail's customs, policies, and practices which were moving force behind the constitutional violations asserted herein.

1.8     Defendant LOURDES TORRES AHMED, is a resident of Texas, working for the City of Houston Health Department Jail Health Bureau as a Senior Jail Medical Specialist, and may be served with process at 8281 Kingsbrook Road, APT 258, Houston, Texas 77024-3366. Ahmed may be served at the following address and/or anywhere that he may be found. At all times relevant to this cause LOURDES TORRES AHMED was operating under the color of law and in the course and scope of his agency and/or employment relationship with City of Houston, Houston Central Jail, under the color of law, and pursuant to the City of Houston's Houston Central Jail's customs,

policies, and practices which were moving force behind the constitutional violations asserted herein.

1.9     Defendant NTUM AZA ALTORSHAN is a resident of Texas, working for the City of Houston Health Department Jail Health Bureau as a Senior Jail Medical Specialist, and may be served with process at 12330 Grove Meadow Drive, Stafford, Texas 77477-2204. Altorshan may be served at the following address and/or anywhere that he may be found. At all times relevant to this cause NTUM AZA ALTORSHAN was operating under the color of law and in the course and scope of his agency and/or employment relationship with City of Houston, Houston Central Jail, under the color of law, and pursuant to the City of Houston's Houston Central Jail's customs, policies, and practices which were moving force behind the constitutional violations asserted herein.

1.10    Defendant GABRIELLE ALSTON, is a resident of Texas, working for the City of Houston as a Houston Police Officer, and may be served with process at 3203 S. Dairy Ashford, Houston, Texas 77082-2320. Alston may be served at the following address and/or anywhere that he may be found. At all times relevant to this cause GABRIELLE ALSTON was operating under the color of law and in the course and scope of his agency and/or employment relationship with City of Houston, Houston Central Jail, under the color of law, and pursuant to the City of Houston's Houston Central Jail's customs, policies, and practices which were moving force behind the constitutional violations asserted herein.

1.11    At all times material throughout this complaint, Defendants IDELBIO PEREZ-GONZALEZ, RAUL SARDINAS, LOURDES TORRES AHMED, NTUM AZA ALTORSHAN, GABRIELLE ALSTON, and CITY OF HOUSTON acted under the color of law, ordinance, and/or regulation, and in the course and scope of their employment with the Houston Central Jail and

pursuant to the Defendant CITY OF HOUSTON'S customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

1.12    Defendant CITY OF HOUSTON is authorized by the laws of the State of Texas to operate the Houston Central Jail. As part of its responsibilities and services, the CITY OF HOUSTON also operates law enforcement agency (the Houston Police Department) that, among other duties, operates and controls the CITY OF HOUSTON'S jail system, including the Houston City Jail. Defendant CITY OF HOUSTON is located on 900 Bagby Street, Houston, Texas 77002. Defendant CITY OF HOUSTON employed persons including Defendants IDELBIO PEREZ-GONZALEZ, RAUL SARDINAS, LOURDES TORRES AHMED, NTUM AZA ALTORSHAN, GABRIELLE ALSTON and other jail guards, screening officers, and other employees who, in the course and scope of their employment, were required to observe, watch over, and manage persons placed in custody within the Houston Central Jail. At all relevant times herein, CITY OF HOUSTON acted under the color of law and pursuant to certain customs, policies, and practices that were the moving force behind the constitutional violations asserted herein.

1.13    All statutory notice requirements have been satisfied before the filing of this lawsuit.

## II.
## Jurisdiction and Venue

2.1    This Court has jurisdiction over the claims raised in this Complaint under 42 U.S.C. § 1983, and 1988, and 28 U.S.C. §1331.

2.2    Venue is appropriate in the Southern District of Texas under 28 U.S.C. § 1391 as Defendants reside, and the acts complained of arose, in the Southern District of Texas.

2.3    Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas and seeks recovery

under the Wrongful Death, Survival Statutes, and Bystander claims of the State of Texas as allowed by law.

2.4     The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

### III.
### Nature of the Case

3.1     This is a proceeding for the Civil Action Deprivation of Rights, Cruel and Unusual Punishment under the Eight Amendment and Due Process under the Fourteenth Amendment and pursuant to 42 U.S.C. §1983, Federal Question pursuant to 28 U.S.C. §1331, Proceeding in Vindication of Civil Rights pursuant to 42 U.S.C. §1988. All statutory notice requirements have been satisfied before the filing of this lawsuit.

### IV.
### Facts Common to All Counts

4.1     On or about December 27, 2015, Robert Stephen Jr., ("Decedent") was picked up by Houston Police Officers after receiving a call from a Domino's Pizza restaurant. Decedent was not dining or ordering from Domino's Pizza when the call was made. In fact, Decedent was shopping at a neighboring store when the police were called.

4.2     On or about December 27, 2015, the alleged unknown caller informed Houston Police Officers that Decedent was acting *"suspicious."* However, this call was not made by the store in which Decedent was shopping.

4.3     On or about December 27, 2015, DEFENDANT GABRIELLE ALSTON ("Defendant Alston"), Houston Police Officer, arrived on the scene and *after observing* that Decedent was highly intoxicated arrested Decedent charging him with public intoxication.

4.4     On or about December 27, 2015 Defendant Alston failed to transport Decedent to a medical facility for any detoxification before taking Decedent to Houston Central Jail. Moreover, once

Decedent reached the facility, Defendant Alton failed to inform Jail personnel of Decedent's highly visible intoxicated state.

4.5     On or about December 27, 2015, Decedent was taken to a Houston Police Department central city Jailhouse located at 61 Riesner Houston, Texas 77002, and owned and operated by Defendant CITY OF HOUSTON.

4.6     On or about December 27, 2015, personnel of Defendant City of Houston's, Houston Central Jail were required to search Decedent for weapons, illicit drugs, or contraband.

4.7     On or about December 27, 2015, personnel of Defendant City of Houston's Houston Central Jail found no weapons, illicit drugs, or contraband on Decedent.

4.8     On or about December 27, 2015 DEFENDANT RAUL SARDINAS ("Defendant Sardinas") in his capacity as the on duty medical screener interviewed Decedent when Decedent first arrived at Houston Central Jail. At the time of the interview, Decedent complied with the requests made by Defendant Sardinas during the screening and evaluation of him. Sardinas failed to have Decedent treated by any medical personnel or provided any medication to treat Decedent and assist in detoxing Decedent before transporting him to an isolated cell.

4.9     On or about December 27, 2015, Decedent was then processed and jailed in Defendant CITY OF HOUSTON'S jailhouse operated by Defendants agents and employees including but not limited to, Defendants RAUL SARDINAS, IDELBIO PEREZ GONZALEZ, LOURDES TORRES AHMED, AND NTUM AZA ALTORSHAN. At the time Decedent was being processed, he was clearly in an intoxicated and incoherent state as Decedent was unable to stand up on his own.  Defendants failed to seek immediate medical assistance for Decedent after observing that Decedent was passed out. Rather, instead of seeking medical attention for Decedent or even holding Decedent up as they check him, Defendants let Decedent fall to the ground

multiple times and then remain face down on the floor. After Defendants made their initial checks on Decedent, Defendants repulsively and inhumanely dragged Decedent the entire way to his holding cell. Defendants RAUL SARDINAS, IDELBIO PEREZ GONZALEZ, LOURDES TORRES AHMED, AND NTUM AZA ALTORSHAN failed to have Decedent treated by any medical personnel and failed to provide any medication to treat Decedent and assist in detoxing Decedent before transporting him to an isolated holding cell.

4.10    On or about December 27, 2015 around 4:00 am and upon request, when Decedent was in his holding cell, DEFENDANT IDELBIO PEREZ-GONZALEZ ("Defendant Gonzalez"), Jail Medical Specialist, was sent in Decedent's B cell to examine Decedent and see why Decedent was unable to walk. For unknown reasons, Defendant Gonzalez was unable to check vital signs or conduct a full physical examination, as specified in his job duties. Gonzalez failed to treat Decedent, or provide any medical attention to Decedent despite his obvious physical condition of intoxication, inebriation, incoherency, and his physical inability to stand. Gonzalez further failed have Decedent treated by any medical personnel or provided any medication to treat Decedent and assist in detoxing Decedent while in custody.

4.11    On or about December 27, 2015, and at all times relevant herein, DEFENDANT CITY OF HOUSTON was required to train its jail personnel on the method and means of evaluating persons placed in custody to keep them safe from physical or psychological injury, harm or death.

4.12    On or about December 27, 2015, and at all times relevant herein, personnel at Houston Central Jail were required to screen and evaluate Decedent on an ongoing basis.

4.13    On or about December 27, 2015, and at all-times relevant herein, personnel at Houston Central Jail were required to screen and evaluate the health status of persons placed in custody.

4.14    On or about December 27, 2015, and for the following seven (7) hours, personnel at Houston Central Jail were required to keep Decedent safe and free from physical and/or psychological injury or harm.

4.15    On or about December 27, 2015 and for the following seven (7) hours, personnel and officers of Houston Central Jail were required and obligated (and knew of this requirement) to physically and visually check on inmates every thirty (30) minutes. Defendant alleged to have checked on Decedent every fifteen (15) minutes for seven (7) hours, which is approximately twenty-eight (28) times.

4.16    Despite Houston Central Jail's agents, personnel, or employee's knowledge of this duty and the knowledge that there were no surveillance devices that enabled them to see into Decedent's cell, Defendants Gonzalez, Sardinas, Ahmed, and Altorshan failed to meet either of the aforementioned time requirements or conduct the *required* face-to-face inspections.

4.17    On or about December 27, 2015, a Houston Central Jail personnel, DEFENDANT RAUL SARDINAS, was the on-duty screening officer responsible for making timely screenings of Decedent while in his cell.

4.18    On or about December 27, 2015, a suicide assessment was performed on Decedent.

4.19    On or about December 27, 2015, while Decedent was alone in his cell, Houston Central Jail personnel used excessive force on Decedent inflicting bruises and abrasions to his head, hand, abdomen and legs.

4.20    On or about December 27, 2015, DEFENDANTS RAUL SARDINAS, IDELBIO PEREZ-GONZALEZ, LOURDES TORRES AHMED, NTUM AZA ALTORSHAN, and CITY OF HOUSTON failed to check on Decedent every fifteen (15) and/or thirty (30) minutes.

4.21   On or about December 27, 2015, DEFENDANTS RAUL SARDINAS, IDELBIO PEREZ-GONZALEZ, LOURDES TORRES AHMED, NTUM AZA ALTORSHAN, GABRIELLE ALSTON, and CITY OF HOUSTON failed to respond and/or to detect that Decedent needed medical attention.

4.22   On or about December 27, 2015, Houston Central Jail personnel placed Decedent in a jail cell alone.

4.23   On or about December 27, 2015 around 9:27 AM, DEFENDANT NTUM AZA ALTORSHAN ("DEFENDANT ALTORSHAN") was notified by an officer in uniform that a medical emergency required attention in Decedent's holding B cell in the basement. Accompanied by Defendant LOURDES TORRES AHMED, DEFENDANT ALTORSHAN arrived at Decedent's holding cell and found Decedent lying on his back with his face up and as the sole occupant of the holding cell. After DEFENDANT ALTORSHAN checked Decedent's vitals, and after observing that Decedent's chest and abdomen were not moving, Defendant Altorshan ascertained that Decedent was not breathing.

4.24   On or about December 27, 2015, DEFENDANT LOURDES TORRES AHMED ("DEFENDANT AHMED"), Senior Jail Medical Specialist, who was accompanied by DEFENDANT ALTORSHAN, was also called to Decedent's cell around 9:27 AM because of information that Decedent was not breathing. DEFENDANT AHMED also found Decedent lying face down on the floor near a toilet. At this point DEFENDANT AHMED rolled the patient onto his back to assess vital signs. DEFENDANT AHMED found that Decedent was not breathing and had no pulse. DEFENDANT AHMED then proceeded to conduct CPR and use a defibrillator on decedent until the Houston Fire Department arrived to take over.

11

4.25    On or about December 27, 2015, DEFENDANTS SARDINAS, GONZALEZ, AHMED, ALTORSHAN, and CITY OF HOUSTON, failed to render timely aid, and/or provide Decedent with medical treatment after he became non-responsive.

4.26    On or about December 27, 2015, DEFENDANTS SARDINAS, GONZALEZ, AHMED, ALTORSHAN, and CITY OF HOUSTON, failed to seek medical treatment for Decedent after Decedent became non-responsive.

4.27    On or about December 27, 2015, DEFENDANTS ALTORSHAN and AHMED failed to timely, appropriately, and properly administer CPR and other life-saving treatment to Decedent.

4.28    On or about December 27, 2015, just prior to Decedent becoming non-responsive and for unknown reasons at this time, jail personnel and/or another agent of Defendant CITY OF HOUSTON administered an unknown liquid substance to Decedent to drink.

4.29    On or about December 27, 2015, DEFENDANTS SARDINAS, GONZALEZ, AHMED, ALTORSHAN, and CITY OF HOUSTON, failed to timely request life-saving medical treatment for Decedent.

4.30    On or about December 27, 2015, DEFENDANTS SARDINAS, GONZALEZ, AHMED, ALTORSHAN, ALSTON, and CITY OF HOUSTON, failed to timely transport Decedent for the administration of life-saving medical treatment throughout the arresting and booking process.

4.31    On or about December 27, 2015, Decedent died while under the custody and control of Houston Central Jail.

4.32    On or about December 27, 2015, Decedent was survived by his mother CHARMAINE MCWILLIAMS, his father ROBERT STEPHEN, SR., and his biological children, SERENITY STEPHEN, JADYNE STEPHEN, and NAOMI RAWLS, all minors.

4.33    DEFENDANTS SARDINAS, GONZALEZ, AHMED, ALTORSHAN, ALSTON, and CITY OF HOUSTON caused, and are responsible for, the unlawful conduct described herein, and resulting injuries by, among other things personally participating in the unlawful conduct, acts or omissions, or acting jointly with others who did so; by authorizing, acquiescing in or setting into motion policies, practices, plans or actions that lead to the unlawful conduct; by failing and refusing with deliberate indifference to Decedent's rights, to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their discretion and control, including failing to take remedial or disciplinary action.

4.35 On or about December 27, 2015, DEFENDANTS SARDINAS, GONZALEZ, AHMED, ALTORSHAN, ALSTON, and CITY OF HOUSTON acted under color of law and deprived decedent of his constitutional rights, including his right to be free from cruel and unusual punishment in violation of the Eighth Amendment, as well as deprived Decedent of Due Process in violation of the Fourteenth Amendment and pursuant to 42 U.S.C. §1983[1] by withholding adequate medical treatment and attention to Decedent.

4.36    DEFENDANTS SARDINAS, GONZALEZ, AHMED, ALTORSHAN, ALSTON and CITY OF HOUSTON were deliberately indifferent, from the beginning, in protecting Decedent from harm and failed to prevent said harm, further failed to provide urgently needed medical care and their conduct was unreasonable in failing to protect Decedent from harm.

---

[1] Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the U.S. Const. amend. VIII. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under 42 U.S.C. § 1983. *See* Estelle v. Gamble, 429 U.S. 97 (1976).

**V.**
**Additional Facts Related to City of Houston and Houston Central Jail**

5.1     The Texas Administrative Code provides rules and regulations required under the Texas Commission on Jail Standards that must be followed by each Texas public safety correctional facility and jail. Texas Administration Code Title 37, Part 9 directed Defendant City of Houston and its agents, employees, jail personnel, to follow several statutory requirements in their care, custody and treatment of Decedent, including but not limited to:

a. Having an established procedure for documented, face-to-face observation of all inmates by jailers no less than once every sixty (60) minutes and **at least** every 30 minutes in areas where inmates were known to be potentially suicidal;

b. Assigning hash tags which identify inmates as having special mental health needs in the inmate's medical records and bringing this to the attention of heath personnel and/or the supervisor on duty;

c. Developing and implementing a suicide prevention plan which addresses the following principles and procedures:

i. Provisions for staff training (including frequency and duration) on the procedures for recognition, supervision, documentation, and handling of inmates who are mentally disabled and/or *potentially* suicidal—supplemental training should be provided to those staff members responsible for intake screening;

ii. Procedure for intake screening to identify inmates who are known to be or observed to be mentally disabled and/or *potentially* suicidal and procedures for referrals to available mental health officials;

iii. Procedures for communication of information relating to inmates who are mentally disabled and/or *potentially* suicidal;

14

iv. Provisions for adequate supervision of inmates who are mentally disabled and/or *potentially* suicidal and procedures for documenting supervision; and

v. Procedures for staff intervention prior to the occurrence of a suicide and during the progress of a suicide attempt, or serious deterioration of mental condition.

d. Developing and implementing an objective classification plan that includes principles, procedures, instruments, and explanations for classification assessments, housing assignments, reassessments and inmate needs.

5.2     During all relevant times DEFENDANTS SARDINAS, GONZALEZ, AHMED, ALTORSHAN, ALSTON and CITY OF HOUSTON were aware of and responsible for complying with the aforementioned rules. Despite DEFENDANTS SARDINAS, GONZALEZ, AHMED, ALTORSHAN, ALSTON and CITY OF HOUSTON'S knowledge of this duty and obligation, as agents, employees, and jail personnel at Houston Central Jail Defendants deliberately abdicated their responsibilities for the safety, security, and welfare of detainees and instead made a mockery of the so-called security rounds by failing to comply with the required timely physical and visual checks, and by knowing that the well-being of an individual could not possibly be determined through a procedure that ignored the required personal observations of the detainees.

5.3     During all relevant times, although DEFENDANTS SARDINAS, GONZALEZ, AHMED, ALTORSHAN, ALSTON and CITY OF HOUSTON knew that Decedent had been mentally and/or chemically unstable, that he should have been placed in a mental health high risk status, should have been provided medical care, and that he was exhibiting signs and symptoms of distress and hopelessness; they failed to provide him with any medical treatment of even physically observing him for long periods of time, and instead placed Decedent in isolation.

5.4     During all relevant times, DEFENDANTS SARDINAS, GONZALEZ, AHMED, ALTORSHAN, ALSTON and CITY OF HOUSTON, with specific notice of Decedent's ongoing medical issues, including risk of *potential* suicide, failed to offer or procure appropriate intervention and failed to ensure that he received the medical attention he needed for his serious, immediate, and life threatening condition.

## VI.
## Causes of Action

### Count I: Idelbio Perez-Gonzalez - 42 U.S.C. § 1983 Claim

Plaintiffs re-allege Paragraphs 1.1-6.13 of the Complaint.

6.1     On December 27, 2015, DEFENDANT GONZALEZ acted under the color of law.

6.2     Decedent was in a special relationship with DEFENDANT GONZALEZ, within the meaning of the case law interpreting 42 U.S.C. § 1983 and the Constitution, which guarantees equal protection of the laws and prohibits any person acting under the color of federal law, from subjecting any person under custody to punitive conditions of excessive and deadly force without due process of law.

6.3     DEFENDANT GONZALEZ, acting under color of law and within the scope of his responsibility or employment and authority, intentionally, and with conscious, callous, deliberate and unreasonably indifferent behavior deprived Decedent of his constitutional rights.

6.4     DEFENDANT GONZALEZ'S above and below described conduct, acts and/or omissions constitute deliberate indifference to Decedent's medical needs, was unreasonable and violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and violated 42 U.S.C. § 1983. Decedent's equal protection rights were violated by Defendant Gonzalez's inactions of addressing Decedent's medical necessities. Therefore, Defendant is not entitled to qualified immunity.

16

6.5    Plaintiff's invoke their Constitutional rights, under the 8th and 14th Amendments to the United States Constitution:

      a.    Right to Reasonable Medical Care;

      b.    Failure to intervene; and

      c.    Substantive Due Process Rights (Life, Liberty, and Property).

6.6    The above-described acts and omissions by DEFENDANT GONZALEZ demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Decedent.

6.7    As a result of DEFENDANT GONZALEZS' violations of Decedent's constitutional rights, Decedent suffered substantial injuries, including but not limited to physical injury, conscious pain and suffering, mental anguish, damages and ultimately, death.

6.8    Decedent exercised his rights, or attempted to do so, under the United States Constitution.

6.9    DEFENDANT GONZALEZ deprived Decedent of his rights guaranteed by the United States Constitution and Federal statutes.

6.10   In the events alleged above, DEFENDANT GONZALEZ acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Decedent of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

6.11   As a direct and proximate result of the foregoing, DEFENDANT GONZALEZ, Individually and as an agent and/or employee of Houston Central Jail, as a Jail Medical Specialist, deprived Decedent of his rights and privileges as a citizen of the United States, and caused Decedent to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

6.12    The claims and causes of action for the wrongful death of Decedent are brought by his mother, father, and children Charmaine McWilliams, Robert Stephen Sr., Serenity Stephen, Jadyne Stephen, Naomi Rawls, Lyric Stephen, Bobby Stephen, and Journey Stephen, minors on their own behalves and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code Sections 71.002-004.

6.13    The claims and causes of action for injuries to the health, reputation and person sustained by Decedent are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code Section 71.021.

### Count II- Idelbio Perez-Gonzalez- Negligence Claim

Plaintiffs re-allege Paragraphs 1.1-6.13 of the Complaint.

6.14    On December 27, 2015, DEFENDANT GONZALEZ acted under color of law.

6.15    In the events alleged above, DEFENDANT GONZALEZ acted contrary to law, and negligently, willfully, wantonly, and/or unreasonably deprived Decedent of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

6.16    The above-described acts and omissions by DEFENDANT GONZALEZ demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Decedent.

6.17    On or about December 27, 2015, at various points in time, Decedent was not adequately monitored by DEFENDANT GONZALEZ while in custody and only medically screened upon the request made that day rather than within the daily required time increments.

6.18    On or about December 27, 2015 Defendant Gonzalez breached his job responsibilities and duties as a Jail Medical Specialist, of assessing all medical problems a patient may have and screening the patients in violation of Decedent's Fourteenth and Eighth Amendment Rights.

18

6.19    On or about December 27, 2015, DEFENDANT GONZALEZ'S acts were negligent, willful, wanton, and/or reckless in failing to use reasonable force to keep Decedent safe and secure.

6.20    On or about December 27, 2015, DEFENDANT GONZALEZ, was negligent, willful, wanton, and/or recklessly exhibited a conscious disregard for the safety of Decedent in failing to conduct a full and necessary physical examination on Decedent in order to observe any signs of intoxication, incoherency, or signs of trauma.  As a result of the negligent, willful, wanton, and/or reckless acts by DEFENDANT GONZALEZ's breach of job duties, Decedent later became unresponsive and died.

6.21    On or about December 27, 2015, DEFENDANT GONZALEZ was negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Decedent in failing to keep him in safe mental and physical state through a proper physical examination that would have shown an intoxicated or incoherent state and require detoxing medication or any other form of treatment of the Decedent.

6.22    On or about December 27, 2015, DEFENDANT GONZALEZ was negligent, willful, wanton, showed a conscious disregard, and/or reckless in failing to providing adequate medical care and attention to Decedent when he was unable to walk and when he requested water violating Decedent's Fourteenth and Eighth Amendment Rights.

6.23    As a direct and proximate result of the foregoing, DEFENDANT GONZALEZ, individually, deprived Decedent of his rights and privileges as a citizen of the United States, and caused Decedent to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

6.24    The claims and causes of action for the wrongful death of Decedent are brought by his mother, father, and children Charmaine McWilliams,  Robert Stephen Sr., Serenity Stephen, Jadyne

Stephen, Naomi Rawls, Lyric Stephen, Bobby Stephen, and Journey Stephen, minors, on their own behalves and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code Sections 71.002-004.

6.25    The claims and causes of action for injuries to the health, reputation and person sustained by Decedent are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code Section 71.021.

**Count III- Raul Sardinas- 42 U.S.C. § 1983 Claim**

Plaintiffs re-allege Paragraphs 1.1-6.25 of the Complaint.

6.26    On December 27, 2015, DEFENDANT SARDINAS acted under the color of law.

6.27    Decedent was in a special relationship with DEFENDANT SARDINAS, within the meaning of the case law interpreting 42 U.S.C. § 1983 and the Constitution, which guarantees equal protection of the laws and prohibits any person acting under the color of federal law, from subjecting any person under custody to punitive conditions of excessive and deadly force without due process of law.

6.28    DEFENDANT SARDINAS, acting under color of law and within the scope of his responsibilities or employment and authority, intentionally, and with conscious, callous, deliberate and unreasonably indifferent behavior deprived Decedent of his constitutional rights.

6.29    DEFENDANT SARDINAS'S above and below described conduct, acts and/or omissions constitute deliberate indifference to Decedent's medical needs, was unreasonable and in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. § 1983. Decedent's equal protection rights were violated by Defendant Sardinas's inactions of addressing Decedent's medical necessities. Therefore, Defendant is not entitled to qualified immunity.

6.30    Plaintiff's invoke their Constitutional rights, under the 8th and 14th Amendments to the United States Constitution:

      a.     Right to Reasonable Medical Care;

      b.     Failure to intervene; and

      c.     Substantive Due Process Rights (Life, Liberty, and Property).

6.31    The above-described acts and omissions by DEFENDANT SARDINAS demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Decedent.

6.32    As a result of DEFENDANT SARDINAS'S violations of Decedent's constitutional rights, Decedent suffered substantial injuries, including but not limited to physical injury, conscious pain and suffering, mental anguish, damages and ultimately, death.

6.33    Decedent exercised his rights, or attempted to do so, under the United States Constitution.

6.34    DEFENDANT SARDINAS deprived Decedent of his rights guaranteed by the United States Constitution and Federal statutes.

6.35    In the events alleged above, DEFENDANT SARDINAS acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Decedent of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

6.36    As a direct and proximate result of the foregoing, DEFENDANT SARDINAS as an agent and/or employee of Houston Central Jail, as a medical screener, deprived Decedent of his rights and privileges as a citizen of the United States, and DEFENDANT SARDINAS caused Decedent to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

6.37    The claims and causes of action for the wrongful death of Decedent are brought by his mother, father, and children Charmaine McWilliams, Robert Stephen Sr., Serenity Stephen, Jadyne Stephen, Naomi Rawls, Lyric Stephen, Bobby Stephen, and Journey Stephen, minors on their own behalves and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code Sections 71.002-004.

6.38    The claims and causes of action for injuries to the health, reputation and person sustained by Decedent are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code Section 71.021.

### Count IV- Raul Sardinas- Negligence Claim

Plaintiffs re-allege Paragraphs 1.1-6.38 of the Complaint.

6.39    On December 27, 2015, DEFENDANT SARDINAS acted under color of law.

6.40    In the events alleged above, DEFENDANT SARDINAS acted contrary to law, and negligently, willfully, wantonly, and/or unreasonably deprived Decedent of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

6.41    The above-described acts and omissions by DEFENDANT SARDINAS demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Decedent.

6.42    On or about December 27, 2015, DEFENDANT SARDINAS was negligent, willful, wanton, and/or reckless in failing to provide adequate screening, medical care, and attention to Decedent when he was first brought to jail violating Decedent's rights under 42 U.S.C. § 1983 and his Fourteenth and Eighth Amendment Rights.

22

6.43    On or about December 27, 2015, at various points in time, Decedent was not adequately monitored or medically screened by DEFENDANT SARDINAS while in custody in the holding B cell.

6.44    On or about December 27, 2015, DEFENDANT SARDINAS'S acts were negligent, willful, wanton, and/or reckless in failing to prescribe any detoxing medication to Decedent when he was visibly incoherent, inebriated, and intoxicated from the beginning in order to keep Decedent safe and secure while in the holding cell and failed to determine any issues the Decedent may have later on, after observing that the Decedent was showing non-violent signs of screaming and agitation when he first arrived to Houston Central Jail.

6.45    On or about December 27, 2015, DEFENDANT SARDINAS, was negligent, willful, wanton, and/or recklessly exhibited a conscious disregard for the safety of Decedent in failing to conduct a preliminary examination of Decedent upon noticing Decedent's screaming and agitation in order to observe any further signs of intoxication or signs of later possible trauma. As a result of the negligent, willful, wanton, and/or reckless acts by DEFENDANT SARDINAS, Decedent later became unresponsive and died.

6.46    On or about December 27, 2015, DEFENDANT SARDINAS was negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Decedent in failing to keep him in safe and suitable environment where he could be kept free from injury, harm, and death.

6.47    On or about December 27, 2015, DEFENDANT SARDINAS was negligent, willful, wanton, and/or reckless when upon seeing that Decedent was non-violently screaming and agitated, failed to examine as to why Decedent may be behaving in that manner.

6.48    As a direct and proximate result of the foregoing, DEFENDANT SARDINAS deprived Decedent of his rights and privileges as a citizen of the United States, and caused Decedent to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

6.49    The claims and causes of action for the wrongful death of Decedent are brought by his mother, father, and children Charmaine McWilliams, Robert Stephen Sr., Serenity Stephen, Jadyne Stephen, Naomi Rawls, Lyric Stephen, Bobby Stephen, and Journey Stephen, minors on their own behalves and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code Sections 71.002-004.

6.50    The claims and causes of action for injuries to the health, reputation and person sustained by Decedent are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code Section 71.021.

**Count V-Lourdes Torres Ahmed- 42 U.S.C. § 1983 Claim**

Plaintiffs re-allege Paragraphs 1.1-6.50 of the Complaint.

6.51    On December 27, 2015, DEFENDANT AHMED acted under the color of law.

6.52    Decedent was in a special relationship with DEFENDANT AHMED, within the meaning of the case law interpreting 42 U.S.C. § 1983 and the Constitution, which guarantees equal protection of the laws and prohibits any person acting under the color of federal law, from subjecting any person under custody to punitive conditions of excessive and deadly force without due process of law.

6.53    DEFENDANT AHMED, acting under color of law and within the scope of his responsibilities or employment and authority as a Senior Jail Medical Specialist, intentionally, and

24

with conscious, callous, deliberate and unreasonably indifferent behavior deprived Decedent of his constitutional rights.

6.54   DEFENDANT AHMED'S above and below described conduct, acts and/or omissions constitute deliberate indifference to Decedent's medical needs, were unreasonable and violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution, violated 42 U.S.C. § 1983. Decedent's equal protection rights were violated by Defendant Ahmed's inactions of addressing Decedent's medical necessities. Therefore, Defendant is not entitled to qualified immunity.

6.55   Plaintiff's invoke their Constitutional rights, under the 8th and 14th Amendments to the United States Constitution:

   a.      Right to Reasonable Medical Care;

   b.      Failure to intervene; and

   c.      Substantive Due Process Rights (Life, Liberty, and Property).

6.56   The above-described acts and omissions by DEFENDANT AHMED demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Decedent.

6.57   As a result of DEFENDANT AHMED'S violations of Decedent's constitutional rights, Decedent suffered substantial injuries, including but not limited to physical injury, conscious pain and suffering, mental anguish, damages and ultimately, death.

6.58   Decedent exercised his rights, or attempted to do so, under the United States Constitution.

6.59   DEFENDANT AHMED deprived Decedent of his rights guaranteed by the United States Constitution and Federal statutes.

6.60    In the events alleged above, DEFENDANT AHMED acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Decedent of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983, Fourteenth and Eighth Amendments.

6.61    As a direct and proximate result of the foregoing DEFENDANT AHMED as an Senior Jail Medical Specialist of Houston Central Jail, deprived Decedent of his rights and privileges as a citizen of the United States, and DEFENDANT AHMED caused Decedent to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

6.62    The claims and causes of action for the wrongful death of Decedent are brought by his mother, father, and children Charmaine McWilliams,  Robert Stephen Sr., Serenity Stephen, Jadyne Stephen, Naomi Rawls, Lyric Stephen, Bobby Stephen, and Journey Stephen, minors on their own behalves and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code Sections 71.002-004.

6.63    The claims and causes of action for injuries to the health, reputation and person sustained by Decedent are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code Section 71.021.

### Count VI- Lourdes Torres Ahmed- Negligence Claim

Plaintiffs re-allege Paragraphs 1.1-6.63 of the Complaint.

6.64    On December 27, 2015, DEFENDANT AHMED acted under color of law.

6.65    In the events alleged above, DEFENDANT AHMED acted contrary to law, and negligently, willfully, wantonly, and/or unreasonably deprived Decedent of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

6.66    The above-described acts and omissions by DEFENDANT AHMED demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Decedent.

6.67    On or about December 27, 2015, at various points in time, Decedent was not adequately monitored by DEFENDANT AHMED while in custody.

6.68    On or about December 27, 2015, DEFENDANT AHMED's acts were negligent, willful, wanton, and/or reckless in failing to adequately and timely check up on Decedent before Decedent had shown signs of not breathing and was found lying face down on the floor.

6.69    On or about December 27, 2015, DEFENDANT AHMED, was negligent, willful, wanton, and/or recklessly exhibited a conscious disregard for the safety of Decedent in failing to conduct timely and necessary checkups of Decedent while he was in the holding cell in order to observe any signs of possible trauma and prevent the later unresponsive state of the Decedent. As a result of the negligent, willful, wanton, and/or reckless acts by DEFENDANT AHMED, Decedent later died.

6.70    On or about December 27, 2015, DEFENDANT AHMED was negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the overall safety of Decedent in failing to keep him in a safe and suitable environment through necessary checkups where he could be kept free from injury, harm, and death.

6.71    On or about December 27, 2015, DEFENDANT AHMED was negligent, willful, wanton, and/or reckless in not providing adequate screening, timely medical care, and attention to Decedent previously while he was in the holding cell for several hours and before Decedent later became unresponsive.

6.72    On or about December 27, 2015, DEFENDANT AHMED was negligent, willful, wanton, and/or reckless in his capacity as a Senior Jail Medical Specialist when upon seeing Decedent lying face down on the floor, unresponsive and not breathing, conducted CPR along with the use of a defibrillator, but required the Houston Fire Department to take over in order to further resuscitate Decedent.

6.73    As a direct and proximate result of the foregoing, DEFENDANT AHMED deprived Decedent of his rights and privileges as a citizen of the United States, and caused Decedent to suffer excessive injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

6.74    The claims and causes of action for the wrongful death of Decedent are brought by his mother, father, and children Charmaine McWilliams, Robert Stephen Sr., Serenity Stephen, Jadyne Stephen, Naomi Rawls, Lyric Stephen, Bobby Stephen, and Journey Stephen, minors on their own behalves and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code Sections 71.002-004.

6.75    The claims and causes of action for injuries to the health, reputation and person sustained by Decedent are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code Section 71.021.

### Count VII- Ntum Aza Altorshan - 42 U.S.C. § 1983 Claim

Plaintiffs re-allege Paragraphs 1.1-6.75 of the Complaint.

6.76    On December 27, 2015, DEFENDANT ALTORSHAN acted under the color of law.

6.77    Decedent was in a special relationship with DEFENDANT ALTORSHAN, within the meaning of the case law interpreting 42 U.S.C. § 1983 and the Constitution, which guarantees equal protection of the laws and prohibits any person acting under the color of federal law, from

28

subjecting any person under custody to punitive conditions of excessive and deadly force without due process of law.

6.78    DEFENDANT ALTORSHAN, acting under color of law and within the scope of his responsibilities or employment and authority, intentionally, and with conscious, callous, deliberate and unreasonably indifferent behavior deprived Decedent of his constitutional rights.

6.79    The Defendant's above and below described conduct, acts and/or omissions constitute deliberate indifference to Decedent's medical needs, was unreasonable and violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and violated 42 U.S.C. § 1983. Decedent's equal protection rights were violated by Defendant Altorshan's inactions of addressing Decedent's medical necessities. Therefore, Defendant is not entitled to qualified immunity.

6.80    Plaintiff's further invoke their Constitutional rights, under the 8th and 14th Amendments to the United States Constitution:

a.      Right to Reasonable Medical Care;

b.      Failure to intervene; and

c.      Substantive Due Process Rights (Life, Liberty, and Property).

6.81    The above-described acts and omissions by DEFENDANT ALTORSHAN demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Decedent.

6.82    As a result of DEFENDANT ALTORSHAN's violations of Decedent's constitutional rights, Decedent suffered substantial injuries, including but not limited to physical injury, conscious pain and suffering, mental anguish, damages and ultimately, death.

6.83    Decedent exercised his rights, or attempted to do so, under the United States Constitution.

6.84   DEFENDANT ALTORSHAN deprived Decedent of his rights guaranteed by the United States Constitution and Federal statutes.

6.85   In the events alleged above, DEFENDANT ALTORSHAN acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Decedent of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

6.86   As a direct and proximate result of the foregoing, DEFENDANT ALTORSHAN as an agent and/or employee of Houston Central Jail, deprived Decedent of his rights and privileges as a citizen of the United States, and DEFENDANT ALTORSHAN caused Decedent to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

6.87   The claims and causes of action for the wrongful death of Decedent are brought by his mother, father, and children Charmaine McWilliams,  Robert Stephen Sr., Serenity Stephen, Jadyne Stephen, Naomi Rawls, Lyric Stephen, Bobby Stephen, and Journey Stephen, minors on their own behalves and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code Sections 71.002-004.

6.88   The claims and causes of action for injuries to the health, reputation and person sustained by Decedent are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code Section 71.021.

### Count VIII- Ntum Aza Altorshan- Negligence Claim

Plaintiffs re-allege Paragraphs 1.1-6.88 of the Complaint.

6.89   On December 27, 2015, DEFENDANT ALTORSHAN acted under color of law.

6.90    In the events alleged above, DEFENDANT ALTORSHAN acted contrary to law, and negligently, willfully, wantonly, and/or unreasonably deprived Decedent of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

6.91    The above-described acts and omissions by DEFENDANT ALTORSHAN demonstrated a ne4ligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Decedent.

6.92    On or about December 27, 2015, at various points in time, Decedent was not adequately monitored by DEFENDANT ALTORSHAN while in custody.

6.93    On or about December 27, 2015, DEFENDANT ALTORSHAN's acts were negligent, willful, wanton, and/or reckless in failing to adequately and timely check up on Decedent before Decedent had shown signs of not breathing and was found lying face down on the floor.

6.94    On or about December 27, 2015, DEFENDANT ALTORSHAN, was negligent, willful, wanton, and/or recklessly exhibited a conscious disregard for the safety of Decedent in failing to conduct timely and necessary checkups of Decedent while he was in the holding cell in order to observe any signs of possible trauma and prevent the later unresponsive state of the Decedent. As a result of the negligent, willful, wanton, and/or reckless acts by DEFENDANT ALTORSHAN, Decedent later died.

6.95    On or about December 27, 2015, DEFENDANT ALTORSHAN was negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the overall safety of Decedent in failing to keep him in a safe and suitable environment through necessary checkups where he could be kept free from injury, harm, and death.

6.96    On or about December 27, 2015, DEFENDANT ALTORSHAN was negligent, willful, wanton, and/or reckless in not providing adequate screening, timely medical care, and attention to

31

Decedent previously while he was in the holding cell for several hours and before Decedent later became unresponsive.

6.97    On or about December 27, 2015, DEFENDANT ALTORSHAN was negligent, willful, wanton, and/or reckless in his capacity as a Senior Jail Medical Specialist when upon seeing Decedent lying face down on the floor, unresponsive and not breathing, conducted CPR along with the use of a defibrillator and with the help of DEFENDANT AHMED, still further required the Houston Fire Department to take over in order to resuscitate Decedent.

6.98    As a direct and proximate result of the foregoing, DEFENDANT ALTORSHAN deprived Decedent of his rights and privileges as a citizen of the United States, and caused Decedent to suffer excessive injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

6.99    The claims and causes of action for the wrongful death of Decedent are brought by his mother, father, and children Charmaine McWilliams, Robert Stephen Sr., Serenity Stephen, Jadyne Stephen, Naomi Rawls, Lyric Stephen, Bobby Stephen, and Journey Stephen, minors on their own behalves and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code Sections 71.002-004.

7.0    The claims and causes of action for injuries to the health, reputation and person sustained by Decedent are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code Section 71.021.

### Count IX- Gabrielle Alston- 42 U.S.C. § 1983 Claim

Plaintiffs re-allege Paragraphs 1.1-7.0 of the Complaint.

7.1    On December 27, 2015, DEFENDANT ALSTON acted under the color of law.

7.2     Decedent was in a special relationship with DEFENDANT ALSTON, within the meaning of the case law interpreting 42 U.S.C. § 1983 and the Constitution, which guarantees equal protection of the laws and prohibits any person acting under the color of federal law, from subjecting any person under custody to punitive conditions of excessive and deadly force without due process of law.

7.3     DEFENDANT ALSTON, acting under color of law and within the scope of their responsibilities or employment and authority, intentionally, and with conscious, callous, deliberate and unreasonably indifferent behavior deprived Decedent of his constitutional rights.

7.4     The Defendants' above and below described conduct, acts and/or omissions constitute deliberate indifference to Decedent's medical needs, was unreasonable and violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and violated 42 U.S.C. § 1983. Decedent's equal protection rights were violated by Defendant Alston's inactions of addressing Decedent's medical necessities. Therefore, Defendant is not entitled to qualified immunity.

7.5     Plaintiff's invoke their Constitutional rights, under the 8th and 14th Amendments to the United States Constitution:

        a.      Right to Reasonable Medical Care;

        b.      Failure to intervene; and

        c.      Substantive Due Process Rights (Life, Liberty, and Property).

7.6     The above-described acts and omissions by DEFENDANT ALSTON demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Decedent.

7.7     As a result of DEFENDANT ALSTON's violations of Decedent's constitutional rights, Decedent suffered substantial injuries, including but not limited to physical injury, conscious pain and suffering, mental anguish, damages and ultimately, death.

7.8     Decedent exercised his rights, or attempted to do so, under the United States Constitution.

7.9     DEFENDANT ALSTON deprived Decedent of his rights guaranteed by the United States Constitution and Federal statutes.

7.10    In the events alleged above, DEFENDANT ALSTON acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Decedent of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

7.11    As a direct and proximate result of the foregoing, DEFENDANT ALSTON as an agent and/or employee of Houston Central Jail, deprived Decedent of his rights and privileges as a citizen of the United States, and DEFENDANT ALSTON caused Decedent to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

7.12    The claims and causes of action for the wrongful death of Decedent are brought by his mother, father, and children Charmaine McWilliams, Robert Stephen Sr., Serenity Stephen, Jadyne Stephen, Naomi Rawls, Lyric Stephen, Bobby Stephen, and Journey Stephen, minors on their own behalves and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code Sections 71.002-004.

7.13    The claims and causes of action for injuries to the health, reputation and person sustained by Decedent are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code Section 71.021.

## Count X- Gabrielle Alston- Negligence Claim

Plaintiffs re-allege Paragraphs 1.1-7.13 of the Complaint.

7.14    On December 27, 2015, DEFENDANT ALSTON acted under color of law.

7.15    In the events alleged above, DEFENDANT ALSTON acted contrary to law, and negligently, willfully, wantonly, and/or unreasonably deprived Decedent of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

7.16    The above-described acts and omissions by DEFENDANT ALSTON demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Decedent.

7.17    On or about December 27, 2015, when DEFENDANT ALSTON got a report of a suspicious person and later found Decedent in an obvious intoxicated state, DEFENDANT ALSTON did not adequately monitor Decedent during the arrest and used force against Decedent in order to handcuff him and failed to pass information about the intoxicated state of the Decedent to Houston Central Jail.

7.18    On or about December 27, 2015, DEFENDANT ALSTON's acts were negligent, willful, wanton, and/or reckless in failing to use reasonable force to keep Decedent safe and secure while in an intoxicated state.

7.19    On or about December 27, 2015, DEFENDANT ALSTON, was negligent, willful, wanton, and/or recklessly exhibited a conscious disregard for the safety of Decedent in failing to use unnecessary force during Decedent's arrest and further monitor the Decedent when knowing of his intoxicated state. As a result of the negligent, willful, wanton, and/or reckless acts by DEFENDANT ALSTON, Decedent later became unresponsive and died.

35

7.20     On or about December 27, 2015, DEFENDANT ALSTON as an agent, personnel, or employee of the City of Houston, was negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Decedent in failing to keep him in a safe and suitable environment where he could be kept free from injury, harm, and death.

7.21     On or about December 27, 2015, DEFENDANT ALSTON was negligent, willful, wanton, and/or reckless in not providing adequate attention to Decedent when he was intoxicated during the arrest.

7.22     On or about December 27, 2015, DEFENDANT ALSTON was negligent, willful, wanton, and/or reckless when upon Decedent's arrest.

7.23     As a direct and proximate result of the foregoing, DEFENDANT ALSTON deprived Decedent of his rights and privileges as a citizen of the United States, and caused Decedent to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

7.24     The claims and causes of action for the wrongful death of Decedent are brought by his mother, father, and children Charmaine McWilliams, Robert Stephen Sr., Serenity Stephen, Jadyne Stephen, Naomi Rawls, Lyric Stephen, Bobby Stephen, and Journey Stephen, minors on their own behalves and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code Sections 71.002-004.

7.25     The claims and causes of action for injuries to the health, reputation and person sustained by Decedent are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code Section 71.021.

**Count XI- City of Houston- 42 U.S.C. § 1983 and 1988/Monell Policy Claim**

Plaintiffs re-allege Paragraphs 1.1-7.25 of the Complaint.

7.26    The actions of DEFENDANT CITY OF HOUSTON, which resulted in Decedent's death, were done pursuant to one or more interrelated *de facto* as well as explicit policies, practices and/or customs of the DEFENDANT CITY OF HOUSTON, its agents, and/or its officials, Boards, and/or Personnel Division.

7.27    DEFENDANT CITY OF HOUSTON, as acting at the level of official policy, practice, and custom, with deliberate, callous, conscious and unreasonable indifference to Decedent's constitutional rights, authorized, tolerated, and institutionalized the practices and ratified the illegal conduct herein detailed, and at all times material to this Complaint the DEFENDANT CITY OF HOUSTON, its officers and/or agents, its Boards and/or its Personnel Divisions had interrelated *de facto* policies, practices, and customs which include, *inter alia:*

> a. Failing to use reasonable force and not deadly force against decedent under Chapter 9 of the Model Penal Code, Texas § 83.001 of Liability in Tort Chapter 83: Use of Force or Deadly Force; and Texas § 9.34 of Justification Excluding Criminal Responsibility in Penal Code Chapter 9: Protection of Life or Health. Defendants IDELBIO PEREZ-GONZALEZ, RAUL SARDINAS, LOURDES TORRES AHMED, NTUM AZA ALTORSHAN, GABRIELLE ALSTON, and CITY OF HOUSTON are justified in using force, but not deadly force against another that is capable of causing death or serious bodily injury;

> b. Failing to properly train, supervise, discipline, transfer, monitor, counsel and otherwise control police officers;

> c. Failing to appropriately and timely identify serious mental and medical attention needed by Decedent;

> d. Failing to timely refer victims like Decedent for appropriate medical services, despite clear indications of serious need;

e. Failing and refusing to adequately and timely communicate critical information regarding decedent's unresponsive condition to health care providers;

f. Possessing knowledge of deficiencies in the policies, practices, customs, and procedures concerning those held in custody like Decedent and approving and/or deliberately turning a blind eye to those deficiencies.

7.28   Plaintiff's invoke their Constitutional rights, under the 8th and 14th Amendments to the United States Constitution:

a.   Right to Reasonable Medical Care;

b.   Failure to intervene; and

c.   Substantive Due Process Rights (Life, Liberty, and Property).

7.29   Further, the constitutional violations and damages of Decedent as described herein were directly and proximately caused by: The unofficial and/or official, tacit and/or expressed; and otherwise unconstitutional policies of authorized policy makers of DEFENDANT CITY OF HOUSTON, who deliberately ignored the reckless, negligent, willful, wanton, deliberate and/or intentional conduct of its agents, with a lack of needed medical attention, and deliberately failed to supervise and control officers so as to prevent violations of victims' rights. Decedent's equal protection rights were violated by Defendant City of Houston's inactions of addressing Decedent's medical necessities. Therefore, Defendant is not entitled to qualified immunity

7.30   Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference and unreasonably; and encouraged DEFENDANT CITY OF HOUSTON to commit the aforesaid acts against Decedent, and therefore acted as direct and proximate cause of said constitutional violations and resulting injures.

38

7.31    The foregoing policies, practices, customs and omissions, maintained by DEFENDANT CITY OF HOUSTON violated Decedent's constitutional rights.

### Count XII- City of Houston-Negligence Claim

Plaintiffs re-allege Paragraphs 1.1-7.31 of the Complaint.

7.32    On December 27, 2015, DEFENDANT CITY OF HOUSTON acted under color of law.

7.33    In the events alleged above, DEFENDANT CITY OF HOUSTON acted contrary to law, and negligently, willfully, wantonly, and/or unreasonably deprived Decedent of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

7.34    The above-described acts and omissions by DEFENDANT CITY OF HOUSTON demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Decedent.

7.35    On or about December 27, 2015, at various points in time, Decedent was not adequately monitored while in custody.

7.36    On or about December 27, 2015, DEFENDANT CITY OF HOUSTON's agents, personnel, employees, including but not limited to City of Houston, were negligent, willful, wanton, and/or reckless in failing to use reasonable force to keep Decedent safe and secure.

7.37    On or about December 27, 2015, DEFENDANT CITY OF HOUSTON's agents, personnel, employees, including but not limited to City of Houston, were negligent, willful, wanton, and/or recklessly exhibited a conscious disregard for the safety of Decedent in failing to keep him free from injury, harm and death. As a result of the negligent, willful, wanton, and/or reckless acts by DEFENDANT CITY OF HOUSTON which exhibited a conscious disregard for the safety of Decedent.

7.38     On or about December 27, 2015, DEFENDANT CITY OF HOUSTON's agents, personnel, employees, including but not limited to DEFENDANT CITY OF HOUSTON, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Decedent in failing to keep him in safe and suitable environment where he could be kept free from injury, harm, and death.

7.39     On or about December 27, 2015, DEFENDANT CITY OF HOUSTON's agents, personnel, employees, including but not limited to City of Houston, were negligent, willful, wanton, and/or reckless in not providing adequate medical care and attention to Decedent when he was found unresponsive in his cell.

7.40     On or about December 27, 2015, DEFENDANT CITY OF HOUSTON's agents, personnel, employees, including but not limited to City of Houston, did not attempt to transport Decedent to a medical facility to be seen by a physician after finding him unresponsive at the jail.

7.41     As a direct and proximate result of the foregoing, DEFENDANT CITY OF HOUSTON, individually, deprived Decedent of his rights and privileges as a citizen of the United States, and caused Decedent to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

7.42     The claims and causes of action for the wrongful death of Decedent are brought by his mother, father, and children Charmaine McWilliams, Robert Stephen Sr., Serenity Stephen, Jadyne Stephen, Naomi Rawls, Lyric Stephen, Bobby Stephen, and Journey Stephen, minors on their own behalves and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code Sections 71.002-004.

7.43    The claims and causes of action for injuries to the health, reputation and person sustained by Decedent are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code Section 71.021.

## VII.
## Damages

8.1    Defendants Sardinas, Gonzalez, Ahmed, Altorshan, Alston, and City of Houston are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing, and/or ratifying and condoning the commission of the above described acts and/or omissions.

8.2    Plaintiffs suffered compensatory, special, and punitive damages for the following:

a. Extreme mental anguish and emotional distress as a result of being falsely arrested, physically assaulted, and battered by Defendants Sardinas, Gonzalez, Ahmed, Altorshan, Alston, and City of Houston;

b. Extreme physical abuse, mental anguish and emotional distress as a result of the intentional infliction of emotional distress to which Defendants Sardinas, Gonzalez, Ahmed, Altorshan, Alston, and City of Houston subjected Plaintiffs;

c. Violations of Plaintiffs' civil rights by Defendants Sardinas, Gonzalez, Ahmed, Altorshan, Alston, and City of Houston;

d. Pre- and post-judgment interest cost of Court;

e. Punitive damages for egregious acts and omissions of Defendants Sardinas, Gonzalez, Ahmed, Altorshan, Alston, and City of Houston.

8.3    Plaintiffs are entitled to attorney's fees for litigation of this matter and any such other and further relief to which Plaintiffs may be entitled.

## VII.

41

**Punitive Damages**

9.1     Plaintiffs are also seeking punitive damages for the wrongful death of Robert Stephens Jr.

**VIII.**
**Jury Demand**

10.1     Plaintiffs request that this action be heard before a jury.

**Prayer for Relief**

CHARMAINE MCWILLIAMS, Individually, and as Mother and as Representative of Estate of ROBERT STEPHEN JR., deceased, ROBERT STEPHEN SR., Individually and as Father of ROBERT STEPHEN JR., CHANTIQUE JOHNSON as Next of Friend to SERENITY STEPHEN and JADYNE STEPHEN, Minors and Children of ROBERT STEPHEN JR., A'NEESHA RAWLS, as Next of Friend to NAOMI RAWLS, A Minor and Child of ROBERT STEPHEN JR., and CRYSTAL JOHNSON as Next of Friend to LYRIC STEPHEN, BOBBY STEPHEN, and JOURNEY STEPHEN minors and children of ROBERT STEPHEN JR. deceased, pray that for judgment on their behalves against all Defendants jointly, severally, and in solido, as follows:

    a.  Compensatory, special and punitive damages;

    b.  The cost of this action and reasonable attorney fees as provided by 42 U.S.C. §1983;

    c.  Judicial interest from date of judicial demand;

    d.  Trial by jury; and such further relief as this Court deems just and equitable.

Respectfully submitted,

THE COX PRADIA LAW FIRM PLLC

By: _/s/ Troy J. Pradia_
Troy J. Pradia
Texas Bar No. 24011945
Fed. Bar No. 30260
1415 N. Loop West, Ste. 305

Houston, Texas 77008
Tel. 713.739.0402
Fax 713.752.2812
ATTORNEY FOR PLAINTIFFS